IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| MARC JOHNSON, | ) |
| | )     No. 23-cv-2709-TMP |
| Defendant in | ) |
| Interpleader, | ) |
| | ) |
| and | ) |
| | ) |
| XPO LOGISTICS, agent of GXO, | ) |
| | ) |
| Defendant in | ) |
| Interpleader. | ) |
| | ) |

---

### ORDER DENYING MOTION FOR JURY DEMAND

---

Before the court is defendant in interpleader Marc Johnson's Motion for Jury Demand, filed on April 25, 2025. (ECF No. 46.) Defendant in interpleader XPO Logistics ("XPO") responded in opposition on May 9, 2025. (ECF No. 47.) For the reasons below, Johnson's motion is DENIED.

### I. BACKGROUND

The procedural and factual history of this case are more fully addressed in the court's March 29, 2025 order denying Johnson's Motion for Summary Judgment and XPO's Motion to Dismiss. (ECF Nos.

30, 31, 41). Relevant here, the United States initiated this interpleader action on November 6, 2023, over four years after Johnson was indicted by a federal grand jury in United States v. Johnson, No. 2:19-cr-20163-MSN (W.D. Tenn. 2019). (ECF No. 1 at PageID 2.) Johnson entered a guilty plea in that case to one count of theft from interstate or foreign shipment in violation of 18 U.S.C. § 659. (Id.) The charge stemmed from Johnson's theft of iPhones being shipped by XPO, Johnson's former employer, between December 18 and 20, 2018. (ECF No. 41 at PageID 648.) In the indictment, the government gave notice of its intent to forfeit $368,816 in cash seized from Johnson's home and vehicle during his arrest——money allegedly traceable to Johnson's theft from XPO.[1] (Id.) Johnson objected, and the parties agreed to address forfeiture at sentencing. (Id.) However, after several sentencing hearings, presiding District Judge Mark S. Norris declined to order either forfeiture or restitution in the court's criminal judgment. (Id. at PageID 656-57.)

    Soon after the United States filed its complaint in interpleader, the parties consented to the jurisdiction of a United

----

[1]Concurrent to Johnson's criminal prosecution, the United States initiated a civil forfeiture proceeding against the $368,816 on June 5, 2019, to which both Johnson and XPO joined as claimants. (See ECF Nos. 1, 10, 12, United States v. $368,816 in United States Currency, No. 2:19-cv-02363-JTF-tmp (W.D. Tenn. 2019).) With Johnson and XPO's consent, that case was dismissed on March 27, 2024. (ECF No. 54, United States v. $368,816, No. 2:19-cv-02363-JTF-tmp (W.D. Tenn. 2019).)

States magistrate judge on January 10, 2024. (ECF No. 11.) A scheduling conference was held on January 30, 2024, and the court set this matter for a non-jury trial to be held on December 2, 2024.[2] (ECF Nos. 19, 20.) On February 20, 2024, Johnson filed a "Notice of Jury Demand," referencing a brief discussion at the scheduling conference regarding "the issue of a possible jury trial." (ECF No. 25 at PageID 53.) Counsel for Johnson also wrote that he had twice attempted to consult with counsel for XPO before filing the demand but was unsuccessful. (Id.) XPO did not respond to Johnson's Notice of Jury Demand.

Following its resolution of Johnson's Motion for Summary Judgment and XPO's Motion to Dismiss, the court held a status conference on April 15, 2025, where Johnson again raised the issue of a jury trial. (See ECF Nos. 44, 45.) XPO objected to Johnson's request, and the court accordingly instructed the parties to submit further briefing supplementing Johnson's February 20 notice. (See ECF No. 44.) Johnson filed the instant Motion for Jury Demand on April 25, 2025. (ECF No. 46.) In support, Johnson first argues that, given the procedural history of this case, he was incapable of complying with the 14-day deadline for demanding a jury trial set by Federal Rule of Civil Procedure 38. (See ECF No. 46 at PageID 684; 46-1 at PageID 688.) But even if his jury demand was

---

[2]The trial date was later stayed and reset to September 29, 2025. (See ECF Nos. 40, 45.)

late, Johnson further argues that the court should exercise its discretion to excuse his delay because XPO cannot show it would be prejudiced by a jury trial. (ECF No. 46-1 at PageID 689-90.) Finally, Johnson argues that the parties' critical factual dispute——whether Johnson or XPO is entitled to the seized funds—— renders this case more appropriate for a jury. (Id. at PageID 694.)

XPO responded in opposition on May 9, 2025. (ECF No. 47.) It argues principally that the Seventh Amendment right to a jury trial does not apply to an interpleader action, and thus Johnson's motion should be denied on that basis alone. (See id. at PageID 699-704.) Moreover, even if Johnson is constitutionally entitled to a jury trial, XPO contends that Johnson has offered "no valid reason" justifying the "extensive" delay in filing his jury demand.[3] (Id. at PageID 704.) XPO lastly argues that, under Rule 39 and Sixth Circuit precedent, a jury demand may be challenged at any time. (Id. at PageID 705.) Accordingly, XPO maintains that the court should disregard what it interprets as Johnson's argument that XPO

_____

[3]XPO urges the court to view Johnson's purported delay in the context of the entire procedural history of this matter, including the preceding civil forfeiture action. (See ECF No. 47 at PageID 703 (alleging that Johnson filed his demand "almost five years into [this] litigation").) But Rule 38 requires only that a party serve its jury demand within 14 days of service of the last pleading directed at an issue. Fed. R. Civ. P. 38(b)(1). Regardless, as explained below, the court finds it unnecessary to conduct an analysis under either Federal Rules of Civil Procedure 38 or 39.

waived its objection by failing to respond to Johnson's February 20 Notice of Jury Demand. (Id.)

## II.  ANALYSIS

The court begins with the threshold question of whether Johnson is constitutionally entitled to a jury trial. The Seventh Amendment generally provides that, "[i]n Suits at common law, . . . the right of trial by jury shall be preserved." U.S. Const. amend. VII. But as the Sixth Circuit has explained, there are certain actions to which the Seventh Amendment right to a jury trial does not apply, namely "[s]uits involving solely equitable rights and remedies." Hyde Properties v. McCoy, 507 F.2d 301, 304 (6th Cir. 1974). Rather, "[t]he right principally allows an individual to demand a jury when a lawsuit will resolve legal, as opposed to equitable, rights." Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC, No. 2:20-CV-02834-JPM-cgc, 2023 WL 6466397, at *2 (W.D. Tenn. Oct. 4, 2023) (quoting Exact Software N. Am., Inc. v. DeMoisey, 718 F.3d 535, 546 (6th Cir. 2013)). "Assessing whether the Seventh Amendment provides for a jury trial in a specific case 'depends on the nature of the issue to be tried rather than the character of the overall action.'" Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003) (quoting Ross v. Bernhard, 396 U.S. 531, 538 (1970)) (additional citation omitted).

To distinguish between legal and equitable issues, "the Sixth Circuit instructs that courts should look to the three factors set

forth in the United States Supreme Court's decision in [Ross]: 'first, the pre-merger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries.'" Hanover, 2023 WL 6466397, at *2 (quoting Hyde Properties, 507 F.2d at 305). Of these three factors, the Sixth Circuit has identified the second——the relief sought for a particular claim——as the "chief focus." Leary, 349 F.3d at 910 (quoting Hildebrand v. Bd. of Tr. of Mich. State Univ., 607 F.2d 705, 708 (6th Cir. 1979)).

In their motion and response brief, respectively, Johnson and XPO acknowledge that interpleader actions are traditionally regarded as actions in equity to which the Seventh Amendment does not attach. (See ECF Nos. 46-1 at PageID 691 (citing Hyde Properties, 507 F.2d at 304-05); 47 at PageID 699 (citing Walker v. Town of Hempstead, 119 F.3d 415, 418 (6th Cir. 1994); Hyde Properties, 507 F.2d at 306; and Leary, 349 F.3d at 909-10).) However, citing the Ross factors, Johnson contends that this case should properly be considered "an action for legal relief which falls within the purview of the Seventh Amendment." (ECF No. 46-1 at PageID 693-94 (citations omitted).) In support, Johnson points to the civil forfeiture action that preceded this case, arguing that the legal remedy sought via forfeiture——that is, the seizure of Johnson's property——is the same remedy XPO seeks now. (See id. at PageID 692-93.) Johnson also argues that, because "[t]here are

no complex legal issues to be resolved," the third <u>Ross</u> element favors a jury trial. (<u>Id.</u> at PageID 694.)

XPO responds that Johnson's "cursory assertion" that this action is one in law is unsupported by both precedent and the procedural history of this case. (ECF No. 47 at PageID 702-03.) According to XPO, not only is it beyond dispute that pre-merger custom was to treat actions in interpleader as equitable in nature, but Johnson's "unequivocal[] consent[]" to interpleader also means that there are no longer legal remedies at stake. (<u>See</u> <u>id.</u>) XPO also asserts that "[t]he reliance on prior orders of the criminal court, convoluted case history (including the conversion of the action to an interpleader)[,] and complex legal issues . . . make this case more proper for a bench trial." (<u>Id.</u> at PageID 704.)

Applying the <u>Ross</u> factors here, the court finds that Johnson is not entitled to a jury trial under the Seventh Amendment, and thus a bench trial is the procedurally correct course of action. In reaching this conclusion, the court relies on the analysis in <u>Hanover American Insurance Company v. Tattooed Millionaire Entertainment, LLC</u>. There, plaintiff's interpleader complaint sought resolution of competing claims to $2.5 million in insurance proceeds awarded during a preceding jury trial. <u>Hanover</u>, 2023 WL 6466397, at *1. District Judge Jon P. McCalla granted plaintiff's Motion to Strike Defendant's Jury Demand, concluding first that "[i]n the pre-merger period, it was well established that 'the

- 7 -

Seventh Amendment did not provide for right to jury in interpleader actions.'"[4] Id. at * 3 (quoting Hyde Properties, 507 F.2d at 305). Judge McCalla next found that because the parties had asserted competing claims regarding their entitlement to the contested funds, "any judgment issued by [the] Court [would] not be a separate money judgment but [would] instead simply award declaratory relief regarding disposition of the [funds]." Id. (citation modified). The second Ross factor therefore weighed in favor of a bench trial. Id. Third, Judge McCalla concluded that the history of the case, including a prior trial ruling, suggested that a jury "[would] not [be] particularly well qualified" to address the subjects at issue. Id.

As in Hanover, Johnson and XPO in the instant interpleader action have asserted competing claims regarding their entitlement to the government-seized funds. The court finds that this interpleader claim is the controlling issue between the parties, and any judgment issued by the court would, in effect, take the form of declaratory relief that is equitable in nature. See id. at *1, 3 (concluding same where plaintiff in interpleader sought a declaration of "to whom, and in what amount, [the] funds should be

---

[4]Pre-merger custom, as the term is used in Ross, "refers to how the Courts treated a particular action prior to the merger of law and equity in the federal court system via the adoption of the Federal Rules of Civil Procedure in 1938." Hanover, 2023 WL 6466397, at *3 (citation modified).

paid"); (see also ECF No. 1 at PageID 3 (praying, in the United States' complaint in interpleader here, that "the Court determine and enter an order setting forth the proper recipients of the proceeds").) Moreover, as in Hanover, the funds at the heart of this interpleader action have been the subject of an "intricate" procedural history, id. at *3, including a prior civil forfeiture action and lengthy criminal sentencing proceedings, (see ECF No. 41 at PageID 649-57 (summarizing the five sentencing hearings held in Johnson's criminal prosecution, during which criminal forfeiture was at issue).) While the court believes a jury would be capable of deciding this case, the court finds that, on balance, the Ross factors weigh in favor of a finding that the Seventh Amendment right to a jury trial does not apply. Because of this conclusion, the court need not address the parties' arguments under Federal Rules of Civil Procedure 38 and 39 and accordingly DENIES Johnson's Motion for Jury Demand.

### III. CONCLUSION

For the foregoing reasons, Johnson's Motion for Jury Demand is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 18, 2025
Date